PER CURIAM.
After the trial court had qualified the prospective jury panel, the prosecution and defense agreed that neither side would individually pose any questions to the prospective jurors, and as actually occurred, the case would go to trial with those members of the jury chosen by the defendant. On appeal from the conviction which followed, Young’s only claim for reversal is that he did not knowingly waive his asserted “right” to voir dire. See Fla.R.Crim.P. 3.300(b). Because *154 the record clearly shows to the contrary,[1] we reject this contention.
Affirmed.

. As to this issue the following occurred below:
THE COURT: Let me tell you — before I hear from the State, Mr. Young, let me just tell you the way it usually goes. This is not the way it usually goes. The way it usually goes, that is, the way voir dire happens in the jury selection process, at this point I would let the prosecutor ask questions. He would ask questions for a little while. After he sits down, Mr. Moss would get to ask questions. He would get to ask any question he wants. Both sides have what we call ten peremptory challenges. Peremptory challenges means that you can bounce — you can excuse people, 10 people.
THE DEFENDANT: I understand.
THE COURT: For no reason. You can’t do it for discrimination, but you can do it for whatever reason they feel. They have 10 and you have 10. A total of 20 people could be excused. And if a couple of people said they couldn’t be fair under any circumstances, they would be excused by me. You would not have to expend one of your 10 for those. This is an idea that Mr. Lurvey suggests perhaps you could come to a meeting of the minds. Apparently he has no problems with these people you have chosen, that you would like to be on your jury. Do you understand that?
THE DEFENDANT: Yes.
THE COURT: You understand that by doing this process, you basically waive your right to have your lawyer ask questions?
THE DEFENDANT: Of course.
THE COURT: And this is what you would like?
THE DEFENDANT: Yes.
THE COURT: You had ample time to talk to Mr. Moss about it?
THE DEFENDANT: Yes, we talked.